Case 1:22-cr-02029-SAB    ECF No. 48    filed 09/27/23    PageID.212    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JIM III,<br><br>Defendant. | No. 1:22-CR-02029-SAB-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 46, 47** |

Before the Court are Defendant's Motion to Modify Conditions of Release (ECF No. 46) and related Motion to Expedite (ECF No. 47). Defendant was represented on these Motions by Assistant Federal Defender Alex B. Hernandez III.

Defendant requests that the Court modify Special Condition No. 12 to allow him to attend the Central Washington State Fair.[1] ECF No. 46. The United States

---

[1] Special Condition No. 12 specifies the requirements of Defendant's location monitoring program. While Defendant's release conditions were set by Magistrate Judge James P. Hutton, the Court notes that in cases with similarly charged Defendants, this Court as a matter of policy typically imposes a restriction on loitering in places where minors are known to congregate. While that condition was not prescribed by Magistrate Judge Hutton in this case, which is perhaps explained by the

ORDER - 1

Attorney's Office and the United States Probation/Pretrial Services Office do not object to Defendant's request. *Id*.

Post-plea, presentence matters are governed by 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c). Under that statute, a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence" shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, the defendant shall be released pursuant to 18 U.S.C. § 3142(b) or (c). *Id*. This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 46(c); *See United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

In this case, Defendant was released under pretrial conditions, but later entered a guilty plea, thus, the burden of production and persuasion to have the conditions of release modified rests with Defendant and is substantial. Just as a party who has not quite met the burden of showing a preponderance of the evidence, a Defendant who is detained pretrial may, in a close call, be able to

---

fact that the release conditions did not anticipate Defendant would be out of his residence long enough to loiter in the first instance, this Court's typical policy has been considered as part of the analysis here.

ORDER - 2

defeat the Government's clear and convincing burden with some small additional quantum of evidence in his or her favor.  Here, Defendant, previously placed on a program of GPS monitoring for dangerousness pretrial, must not merely overcome the prior finding.  Defendant must present evidence that moves the balance of the scale through the center and meet the clear and convincing burden on the other side of the scale.  This is a heavy lift, and is reflective of the fact that his conduct, previously an allegation, is now proven beyond a reasonable doubt by his plea.

Moreover, in this case, the conduct proven beyond that of a reasonable doubt presents this Court with profound concerns for community safety, specifically given the nature of Defendant's request—that he be able to visit a fair that is attended by a large number of minor children.  There is as well the concern that Defendant's looming sentencing date may lead him to make rash decisions that he otherwise may not have.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 47**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 46**) is **DENIED**.

3. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for

ORDER - 3

review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

**IT IS SO ORDERED.**

DATED September 27, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4